IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2007 OCT -9  A 10: 26

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JAMES NEELY, | ) |
| PLAINTIFF, | ) |
| | ) CIVIL ACTION NO.: 1:07-CV-907-WKW |
| VS. | ) |
| BECHTEL CORPORATION, | ) |
| | ) JURY TRIAL |
| DEFENDANT. | ) |

## COMPLAINT

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§1331 and 1343(4) and 29 U.S.C. § 216(b) 626. This is a suit authorized and instituted pursuant to Tile VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act (hereinafter referred to as "ADEA"), and the Americans with Disabilities Act of 1990, (hereinafter referred to as "ADA"). The jurisdiction of this court is invoked to secure protection for and to redress the deprivation of rights secured by 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 621 *et seq.* and 42 U.S.C. §12101 *et seq.*, providing injunctive and other relief against age and disability discrimination, and retaliation, in employment.

2. Plaintiff, James Neely, is a qualified individual with a disability and/or

has been regarded or perceived as disabled under the ADA. Plaintiff has fulfilled all conditions precedent to the institution of this action under Title VII, the ADA and the ADEA. Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission within 180 days of the last discriminatory act and has filed suit within 90 days of receipt of his Notice of Right to Sue.

## II. PARTIES

3. Plaintiff, James Neely, is a male citizen of the United States and is a resident of Dothan, Alabama. Plaintiff was employed by the Defendant for approximately 7 years. Plaintiff was terminated on or about August 11, 2004.

4. Defendant, Bechtel Corporation, is a foreign corporation doing business in Alabama. At all times relevant hereto, Defendant has maintained and operated a business in Alabama. Defendant is engaged in an industry affecting interstate commerce, has had fifteen (15) or more employees at all times relevant hereto, and is an employer within the meaning of 42 U.S.C. §2000e (b), (g) and (h), and within the meaning of Title VII and the ADA. Defendant is subject to the ADEA, in that it is engaged in an industry affecting commerce and has had twenty (20) or more employees for each working day in each twenty (20) or more calendar weeks in the current and preceding calendar years.

## III. STATEMENT OF PLAINTIFF'S CLAIMS

### FACTUAL ALLEGATIONS

5. Plaintiff re-alleges and incorporates paragraphs one (1) through four (4) as if fully set forth herein.

6. Plaintiff began working for the above named employer on or about August 4, 1997, as a Project Control Supervisor.

7. On or about December 1, 2003, Plaintiff received an e-mail from his functional manager, King Carter, requesting Plaintiff report to his office. When Plaintiff arrived for the meeting in Mr. Carter's office, he was presented with a thirty (30) day notice of termination from the joint venture project. Plaintiff avers that he was terminated from his employment with the Defendant on or about August 11, 2004, in violation of the ADA because of his disability and/or perceived disability.

8. Plaintiff avers that while he was employed by the Defendant, he was demoted and terminated because of his age, over 40, in that the Defendant retained and replaced Plaintiff with a much younger person who was less qualified and had less experience. Plaintiff further avers that younger less qualified individuals, were hired and/or placed in positions that Plaintiff was more qualified to fill.

9. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on January 26, 2005, and subsequently filed a lawsuit regarding his claims set forth in said EEOC charge.

10. Plaintiff has applied for approximately thirty-five (35) open and available posted positions since his termination. Plaintiff was qualified for each and every position that he applied for, however, to date he has not been hired by the Defendant.

11. Plaintiff contends that younger, non-disabled individuals that have not engaged in protected activity have been hired to fill the positions that Plaintiff applied to fill.

12. Plaintiff has satisfied all administrative prerequisites to bring these claims.

## COUNT ONE

### PLAINTIFF'S CLAIMS OF DISABILITY DISCRIMINATION

13. Plaintiff realleges and incorporates paragraphs one (1) through twelve (12) as if fully set forth in detail herein below.

14. Plaintiff avers that the Defendant has refused to rehire him because of his disability and/or perceived disability.

15. Plaintiff avers that he was fully capable of performing all of the job functions for the positions for which he applied, with or without reasonable accommodation.

16. Plaintiff avers that he has been discriminated against because of his disability and/or perceived disability.

17. Plaintiff further avers that he has no plain, adequate or complete remedy to redress the wrongs alleged herein and this suit for back pay, reinstatement, compensatory damages, punitive damages, injunctive relief, and declaratory judgement is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices set forth herein unless enjoined by this Court.

18. Plaintiff has been discriminated against in failure to hire and other terms and conditions of employment, in violation of the ADA. Plaintiff has been discriminated against on the basis of his disability, and/or on the basis of Defendant's perception that Plaintiff has a disability and/or due to Plaintiff having a record of a disability.

19. As a consequence of Defendant's discrimination against Plaintiff, Plaintiff has suffered lost wages, embarrassment, humiliation, stress, emotional distress, mental anguish and other damages.

### PRAYER FOR RELIEF

WHEREFORE, the plaintiff requests that the Court assume jurisdiction of this action and award him the following relief:

(a) Grant Plaintiff a permanent injunction enjoining Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant or at Defendant's request from violating the ADA; and

(b)   Grant Plaintiff an order requiring Defendant to make him whole by granting appropriate declaratory relief, back pay, front pay, compensatory damages (including damages for mental anguish), punitive damages, interest, attorneys' fees, expenses and costs; and

(c)   Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO

### PLAINTIFF'S CLAIMS OF AGE DISCRIMINATION

20.   Plaintiff realleges and incorporates paragraphs one (1) through nineteen (19) as if fully set forth in detail herein below.

21.   Plaintiff avers that the Defendant has refused to rehire him because of his age, and has instead hired much younger, less qualified, individuals for the positions Plaintiff applied tp fill.

22.   Plaintiff avers that he has been discriminated against because of his age, over 40, in failure to rehire and other terms and conditions of employment.

23.   Plaintiff avers that the Defendant's failure to rehire him is in violation of the ADEA and is part of the Defendant's policy, pattern/and or practice of discriminating against employees over the age of 40, and otherwise discriminating against said persons protected by said act.

### PRAYER FOR RELIEF

WHEREFORE Plaintiff demands the following damages and relief:

(a) Back pay, front pay, liquidated damages, interest, reinstatement, attorney fees and costs;

(b) Declaratory and injunctive relief; and

(c) Such other additional or different relief to which Plaintiff may be entitled to.

### COUNT THREE

#### TITLE VII RETALIATION CLAIMS AGAINST DEFENDANT

24. Plaintiff adopts and realleges paragraphs one (1) through twenty-three (23) as if fully set forth herein.

25. Plaintiff avers that he has suffered an adverse employment action in retaliation for engaging in a protected activity in that the Defendant has refused to rehire Plaintiff. Plaintiff has been retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

26. Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, liquidated damages, injunctive relief and declaratory judgment is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's unlawful policies and practices as set forth herein unless enjoined by this

Court.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

(a) Enter a declaratory judgment that Defendant's policies, practices and procedures complained of herein have violated and continue to violate the rights of the Plaintiff as secured by Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, and;

(b) Grant Plaintiff a permanent injunction enjoining Defendant, its Agent Successors, Employees, Attorneys, and those acting in concert with Defendant or at Defendant's request from violating Title VII of the Civil Rights of 1964, as amended by the Civil Rights Act of 1991, and;

(c) Grant Plaintiff an order requiring the Defendant to make him whole by granting appropriate declaratory relief, lost wages, punitive damages, compensatory damages (including damages for mental anguish), interest, attorney fees, expenses, costs, and;

(d) Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

Respectfully submitted,

_____
CYNTHIA FORMAN WILKINSON
State Bar ID No: ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**
**WILKINSON LAW FIRM, PC**
New South Federal Bank Building; Suite 811
215 Richard Arrington Jr. Blvd.
Birmingham, Alabama 35203
Tel.: (205) 250-7866
Fax: (205) 250-7869
E-mail: wilkinsonefile@bellsouth.net

_____
LARRY R. MANN
Attorney for Plaintiff

**OF COUNSEL:**
Larry R. Mann, Esq.
701 New South Saving Building
215 North 21st Street
Birmingham, Alabama 35203
Tel: (205) 326-6500
Fax: (205) 324-8660
E-mail: LarryMann@aol.com

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

**PLAINTIFF'S ADDRESS:**

Mr. James Neely
c/o Wilkinson Law Firm
811 New South Savings Building
215 Richard Arrington Jr. Blvd, North
Birmingham, Alabama 35203

**DEFENDANT'S ADDRESS:**

Bechtel Corporation
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602000689
Cashier ID: kalandra
Transaction Date: 10/09/2007
Payer Name: WILKINSON LAW FIRM PC
------------------------------------
CIVIL FILING FEE
  For: WILKINSON LAW FIRM PC
  Case/Party: D-ALM-1-07-CV-000907-001
  Amount:         $350.00
------------------------------------
CHECK
  Check/Money Order Num: 2120
  Amt Tendered: $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

JAMES NEELY V. BECHTEL CORP.

1:07-cv-907-WKW-CSC