## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES NEELY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 1:07-CV-907-WKW |
| BECHTEL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## DEFENDANT BECHTEL CORPORATION'S MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS AND INCORPORATED MEMORANDUM OF LAW

Defendant Bechtel Corporation ("Bechtel"), pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq. ("FAA"), moves this Court to compel binding arbitration of Plaintiff James Neely's (Neely) claims and to stay these proceedings pending the outcome of such arbitration.

## I.     INTRODUCTION

Neely and Bechtel entered into a valid and enforceable arbitration agreement. The arbitration agreement requires that all issues that arise from, or are related to, Neely's employment with and termination from Bechtel are subject to arbitration. After Bechtel terminated Neely's employment, Neely filed an EEOC Charge and subsequent lawsuit in this Court alleging demotion and discharge

claims based on age and disability or perceived disability. These claims were jointly dismissed by the Parties and are currently being arbitrated. Neely then filed a second EEOC Charge and this lawsuit alleging he was not rehired by Bechtel based on his age, disability or perceived disability, and in retaliation for filing his first EEOC Charge and lawsuit. Like his claims currently being arbitrated, these claims are based in large part on his employment with Bechtel. Moreover, federal law favors arbitration and requires that ambiguity over the scope of arbitrability be resolved in favor of arbitration. As such, these claims are arbitrable and Bechtel moves the Court to compel arbitration and stay all proceedings.

## II.    BACKGROUND

### 1.    Neely Signed a Valid Arbitration Agreement

Bechtel employed Neely from approximately August 4, 1997 to December 15, 2004. On May 28, 1997 and August 4, 1997, Neely signed agreements consenting to Bechtel's Employee Dispute Resolution Agreement ("EDR") Program. The EDR Agreement provides that arbitration is the exclusive means of resolving any disputes that arise out of, or relate to, Neely's employment and termination. Specifically, the EDR Agreement signed by Neely provides in pertinent part:

<u>EDR AGREEMENT</u>

> I understand and agree that if I accept employment with Bechtel, the EDR program shall be the exclusive means of resolving all disputes, claims or controversies ("claims") between me and the Company (or its officers, directors, employees or agents), which arise out of or relate to my employment (or its termination).  Under the EDR Program, the Company and I agree to waive our respective rights to have any claims regarding legally protected rights (as defined in the EDR program booklet) decided in a court of law before a judge or jury, and instead are accepting the use of final and binding arbitration to resolve such claims.

*See* EDR Agreements attached as Exhibit 1 and 2.

    2.    <u>Neely's First EEOC Charge, Subsequent Lawsuit and Arbitration</u>

Bechtel ultimately terminated Neely's employment. On or about February 3, 2005, Neely filed an EEOC Charge alleging that Bechtel had demoted him and terminated his employment because of his age (65) and disability or perceived disability.  *See* Exhibit 3.  On September 14, 2005, the EEOC dismissed Neely's Charge and issued a Notice of Right to Sue.

On December 14, 2005, Neely filed suit on his Age Discrimination in Employment Act ("ADEA") and Americans with Disabilities Act ("ADA") claims in this Court.  *See* Exhibit 4.  On January 26, 2006, the Parties jointly moved to dismiss Neely's claims due to arbitration based on the above EDR Agreement.  *See* Exhibit 5.  On February 1, 2006, the lawsuit was dismissed without prejudice and the Parties are now arbitrating Neely's claims.  *See* Exhibit 6.

3.    <u>Second EEOC Charge and Lawsuit Arising Out of Neely's Employment</u>

On February 16, 2007, Neely filed a second EEOC Charge alleging that since his discharge, Bechtel has not rehired him into approximately 35 positions because of his age, disability or perceived disability, and in retaliation for having filed his earlier charge of discrimination and lawsuit. *See* Exhibit 7. On August 29, 2007, the EEOC dismissed Neely's Charge and issued a Notice of Right to Sue.

On October 9, 2007, Neely filed the instant action alleging claims under the ADA, ADEA, and the Civil Rights Act of 1964, as amended, ("Title VII") for failure to rehire and retaliation. Like the claims in his first lawsuit, the claims in this action are related to his employment with Bechtel and are thus subject to arbitration.

## III.    ANALYSIS

1.    <u>Arbitration is the Preferred Method of Resolving Employment Disputes</u>

The United States Supreme Court has repeatedly endorsed arbitration as a desirable and acceptable method of resolving employment disputes. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105 (2001); *Gilmer v. Interstate/Johnson Cove Corp.*, 500 U.S. 20 (1991). Moreover, the "federal policy favoring arbitration counsels that doubts about the intended scope of an agreement

to arbitrate be resolved in favor of the arbitral process." *See Moses H. Cone Hospital v. Mercury Construction Corp.*, 460 U.S. 1 (1983). In addition, the ADA states: "where appropriate and to the extent authorized by law, the use of alternative means of dispute resolution, including … arbitration, is encouraged to resolve disputes arising under this chapter." 42 U.S.C. § 12212. Accordingly, the plain language of the ADA evidences congressional intent to encourage arbitration of ADA claims, not to shield them from arbitration. *See Stanton v. Prudential Ins. Co.*, 1999 U.S. Dist. LEXIS 5547 *13 (D. Pa. April 22, 1999). The ADEA also has a flexible approach to resolving claims and allows for arbitration. *Gilmer*, 500 U.S. at 29. Accordingly, federal case law clearly provides that courts prefer arbitration to litigation as a method of dispute resolution. Moreover, ambiguity regarding whether a matter is appropriate for arbitration should be resolved in favor of arbitration.

2. <u>Neely's Claims are Arbitrable Because They Arise Out of His Employment With and Termination From Bechtel</u>

Neely agreed to arbitrate any and all claims arising out of, or related to, his employment with and discharge from Bechtel. *See* EDR Agreement. Courts have uniformly held that such arbitration agreements encompass post employment conduct if the claims "involve significant aspects of the employment relationship." *See Hobley v. Kentucky Fried Chicken, Inc.*, 2005 U.S. App. LEXIS 19633 *2 (D.C. Cir. 2005) (post-employment false accusation claim subject to

arbitration because resolution of such claim would entail consideration of numerous facts concerning employee's employment relationship and job performance); *see also Aspero v. Shearson American Express, Inc.*, 768 F.2d 106, 109 (6th Cir. 1985) (post-employment claim is arbitrable if its determination depends upon employee's performance).  Consequently, though Neely's failure to rehire and retaliation claims are temporally post-employment claims, they involve significant aspects of his employment relationship with Bechtel (such as Neely's qualifications, Neely's job performance, and his alleged disability and/or record of disability) and are, therefore, arbitrable.

> i.    Neely's Qualifications and Job Performance at Bechtel Will Have a Significant Impact on his Failure to Rehire Claims

Neely alleges he has not been rehired since his discharge based on his age, disability or perceived disability, and in retaliation for filing his first EEOC Charge and lawsuit.  As an initial matter, Neely alleges throughout his Complaint that the Company failed to "rehire" him and he seeks "reinstatement" in his prayer for relief.  *See* Complaint ¶¶ 14, 17, 21.  The very notion of "rehiring" and "reinstatement" contemplates and involves Neely's prior employment with Bechtel.

Moreover, to establish a *prima facie* case of failure to hire, Neely must show that he is qualified for each job he alleges he was denied.  *Hunt v.*

*Gonzales*, 2007 U.S. App. LEXIS 1962 *2 (11th Cir. January 30, 2007) (Plaintiff must establish he was qualified for position for which he applied in failure to hire Title VII case).  In the instant case, Neely will presumably rely on his seven years of prior experience with Bechtel to show he was qualified for the positions for which he applied.   In addition, to prevail on his claims, he must show that he was more qualified than the successful applicants.  Indeed, he alleges in his Complaint that Bechtel hired younger, less qualified individuals and/or placed them in positions that Neely was more qualified to fill.   Complaint at ¶ 8.  These allegations cannot be resolved without an examination of the employment relationship between Bechtel and Neely.

A part of Bechtel's defense to plaintiff's  claims may involve an examination of why Neely was not rehired into the positions for which he applied based to some extent on his prior employment with Bechtel.  *See also Hunt*, 2007 U.S. App. LEXIS *2 (if Plaintiff establishes *prima facie* elements of failure to hire claim, the burden shifts to the defendant to proffer a legitimate, non-discriminatory reason for its decision not to hire him).   Accordingly, Neely's claims of failure to be rehired by Bechtel cannot be resolved without an examination of his prior employment with Bechtel.  Thus, his claims involve significant aspects of the employment relationship and are arbitrable under the EDR Program.

      ii.     Neely Cannot Establish he was Not Rehired Based On His Alleged Disability or Perceived Disability Without an Examination of his Prior Employment Relationship with Bechtel

Neely alleges he was demoted and discharged based on his disability and/or perceived disability. Complaint, at ¶ 7. He also alleges Bechtel did not rehire Neely because of his disability and/or perceived disability. *Id.* at ¶ 14. These claims will be determined by whether, during Neely's employment with Bechtel, Neely was disabled under the ADA or Bechtel perceived Neely as being disabled under the ADA. Because Bechtel could not have any knowledge of Neely's alleged medical condition/impairment other than what it learned during Neely's employment with Bechtel, these claims cannot be resolved without an examination of his employment relationship with Bechtel, the medical records and information he provided to Bechtel, and the Company's perception of Neely's medical condition.

      iii.    The Complaint Contains Allegations Pertaining to Neely's Employment With and Discharge From Bechtel

Neely refers to his employment with and discharge from Bechtel throughout his Complaint. Presumably he does so because these allegations are inextricably intertwined with his post-employment claims. In addition, Neely will likely use some or all of these allegations as background evidence to support his

claims.  Specifically, the following allegations in his Complaint pertain both to his

employment with Bechtel *and* his post-employment claims.

> 1.     Plaintiff was employed by Bechtel for more than seven years as a Project Control Supervisor.  *See* Complaint, ¶¶ 6-7.
>
> 2.     While employed with Bechtel, Plaintiff received an e-mail from his manger requesting him to report to his office.  *Id.* at ¶ 7.
>
> 3.     Plaintiff was presented with a 30-day notice of termination from a project and was terminated from his employment with Bechtel in violation of the ADA because of his disability and/or perceived disability.  *Id.*
>
> 4.     Bechtel demoted and discharged him because of his age, and retained and replaced him with a much younger less qualified person with less experience.  *Id.* at ¶ 8.
>
> 5.     Bechtel hired younger, less qualified individuals and/or placed them in positions that Plaintiff was more qualified to fill. *Id.*
>
> 6.     Bechtel refused to rehire Plaintiff because of his disability and/or perceived disability.  *Id.* at ¶ 14.
>
> 7.     Plaintiff seeks *reinstatement* among other damages.  *Id.* at ¶ 17 (emphasis added).
>
> 8.     Bechtel discriminated against Plaintiff "in failure to hire *and other terms and conditions of employment* . . . on the basis of his disability, and or on the basis of Defendant's perception that Plaintiff has a disability and/or due to Plaintiff having a record of a disability."  *Id.* at ¶ 18 (emphasis added).
>
> 9.     Bechtel has refused to rehire Plaintiff because of his age, and has instead hired much younger, less qualified individuals for the positions Plaintiff applied to fill.  *Id.* at ¶ 21.

Surely, if Plaintiff's claims were unrelated to his employment with Bechtel, Plaintiff would have no reason to allege facts pertaining to his employment with Bechtel and his discharge. To the contrary, the allegations are asserted in the Complaint because his employment with Bechtel has a direct bearing on his claims. Accordingly, Plaintiff's post-employment claims are subject to arbitration under the EDR Program because they involve significant aspects of the employment relationship.

    3.    <u>It is in the Interest of Judicial Economy to Arbitrate These Claims</u>

The Parties are already engaged in an arbitration regarding whether Bechtel demoted and discharged Neely based on his alleged disability and age. During this process, the parties will take discovery on and ultimately determine, among other things, Neely's qualifications and job performance as well as his whether he is disabled and/or Bechtel perceived him as being disabled under the ADA. These same issues are also at the heart of the instant case. Simultaneously litigating these identical issues would not only be a waste of judicial resources, it could lead to inconsistent results. For example, the arbitrator may determine that Neely is disabled under the ADA whereas the Court may determine he is not disabled under the ADA. On the other hand, arbitration of these claims (and possibly consolidation), would promote judicial efficiency and ensure that the legal issues are decided consistently.

4.    <u>In the Alternative, Bechtel Requests that the Court Allow Limited Discovery on the Arbitrability of Neely's Claims</u>

As stated above, Bechtel asserts that its employment relationship with Neely will have a bearing on Bechtel's post-employment claims.  If the Court is inclined to deny this motion, Bechtel requests that the Court allow limited expedited discovery on how the parties intend to prove and defend against Neely's claims only.  After such discovery, the Court could then revisit whether these claims are arbitrable depending on the nature of the evidence and whether it has a significant relationship to Neely's employment with Bechtel.

## IV.    CONCLUSION

Neely's claims are subject to arbitration pursuant to the EDR Agreement.  Courts uniformly prefer that disputes be resolved through arbitration and disputes regarding the scope of an arbitration agreement be resolved in favor of arbitration.  Accordingly, because the claims at issue here involve significant aspects of the employment relationship between Neely and Bechtel, these claims are subject to arbitration.

Respectfully submitted this 30th day of November, 2007.

| | |
|---|---|
| | */s/ Thomas A. Davis* |

Thomas A. Davis (ASB-5877-S56T)
E-Mail:  davist@jacksonlewis.com
**JACKSON LEWIS LLP**
First Commercial Bank Building
800 Shades Creek Parkway, Suite 870
Birmingham, Alabama  35209
Telephone: (205) 332-3101
Facsimile:  (205) 332-3131

**COUNSEL FOR DEFENDANT**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 30th day of November, 2007, I served a copy of the foregoing by placing same in the United States mail, postage prepaid and properly addressed as follows:

Cynthia Foreman Wilkinson, Esq.
WILKINSON LAW FIRM PC
811 New South Federal Savings Bank Building
215 Richard Arrington Jr. Blvd. North
Birmingham, AL  35203
wilkinsonefile@bellsouth.net

Larry R. Mann, Esq.
701 New South Federal Savings Bank Building
215 Richard Arrington Jr. Blvd. North
Birmingham, AL  35203
larrymann@aol.com

*/s/ Thomas A. Davis*
Counsel of Record

# EXHIBIT 1

3

*We believe these matters are important, both to you as an employee and to us as an employer. We ask that you signify your agreement by signing below.*

## Receipt and Employee Agreement

I acknowledge receipt of Bechtel Corporate Policy 102: Standards of Conduct, Bechtel's Business Ethics booklet, and the Bechtel Employment Dispute Resolution booklet. I have read them, I understand them and agree to comply with them. I understand and agree that the provisions of this Receipt and Acknowledgment of Employment Terms set forth conditions of my employment with Bechtel and that I may be subject to discipline or termination of employment if I fail to comply with them. Furthermore, I agree that any representations contrary to those contained herein which may have been made or may be made to me are superseded by this document. I also understand that while other terms of employment, policies or procedures may exist and be changed from time to time, the conditions set forth herein, including those concerning at-will employment and the EDR Program, are not subject to change absent a written agreement expressly so providing, signed by a duly authorized senior officer of the Company.

Accepted and agreed:

_James H. Neely_
Signature

_JAMES H. NEELY_
Print or type Name

_MAY 28, 1997_
Date

R&A-Emp

# EXHIBIT 2

# Bechtel

3000 Post Oak Boulevard
Houston, Texas 77056-6503
Mailing address: P.O. Box 2166
Houston, Texas 77252-2166

## EDR AGREEMENT

I acknowledge that I have received a copy of the booklet describing Bechtel's Employee Dispute Resolution ("EDR") Program. I understand and agree that if I accept employment with Bechtel, the EDR Program shall be the exclusive means of resolving all disputes, claims or controversies ("claims") between me and the Company (or its officers, directors, employees or agents), which arise out of or relate to my employment (or its termination). Under the EDR Program, the Company and I agree to waive our respective rights to have any claims regarding legally protected rights (as defined in the EDR Program booklet) decided in a court of law before a judge or jury, and instead are accepting the use of final and binding arbitration to resolve such claims.

Sign: _James H. Neely_    Date: _8-4-97_

Print Your Name: _JAMES H. NEELY_

**Bechtel Corporation**

# EXHIBIT 3

EEOC FORM 131 (5/01)

## U. S. Equal Employment Opportunity Commission

|  |  |
|---|---|
| DONNA PEARSALLI<br>BBS HUMAN RESOURCE MANAGER<br>BECHTEL CORPORATION<br>P. O. BOX 7700<br>GLENDALE, AZ 85312 | **PERSON FILING CHARGE**<br><br>**James H. Neely**<br><br>THIS PERSON (check one or both)<br>[X] Claims To Be Aggrieved<br>[ ] Is Filing on Behalf of Other(s)<br><br>EEOC CHARGE NO.<br>**130-2005-01991** |

### NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act      [X] The Americans with Disabilities Act

[X] The Age Discrimination in Employment Act      [ ] The Equal Pay Act

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by **03-MAR-05** a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by _____ to the enclosed request for information and send your response to the EEOC Representative listed below. Your response will be placed in the file and considered as we investigate the charge. A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources. If you would like to participate, please say so on the enclosed form and respond by _____ to If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above. Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| | |
|---|---|
| **Ron Wideman**<br>CR/TIU<br><br>*EEOC Representative*<br><br>Telephone: **(205) 212-2103** _ | Equal EMployment Opportunity Commission<br>**Houston District Office**<br>Mickey LeLand Federal Building<br>1919 Smith Street, 7th Street<br>Houston, TX 77002-8049 |

Enclosure(s): [X] Copy of Charge

CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [ ] NATIONAL ORIGIN   [X] AGE   [X] DISABILITY   [ ] RETALIATION   [ ] OTHER

See enclosed copy of charge of discrimination.

ALSO SERVED: BSF CHINA COMPANY LIMITED
                 6/F ANHUI BUILDING NO 3
                 ANHUI BOULEVARD DAYA BAY
                 GUANGDONG PROVIDENCE, CHINA 516084

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| Feb 03, 2005 | **Bernice Williams-Kimbrough,**<br>**District Director** | *Bernice Williams-Kimbrough* |

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | 'CHARGE NUMBER |
|---|---|---|
| | FEPA | |
| X | EEOC | 30-2005-01991 |

_____ ,and EEOC

State or local Agency, if any

| NAME (Indicate Mr. Ms., Mrs.) | HOME TELEPHONE (Include Area Code) | | |
|---|---|---|---|
| Mr. James Howard Neely | 334-983-1337 | | |
| STREET ADDRESS | CITY, STATE AND ZIP CODE | SSN: | DATE OF BIRTH |
| 490 County Road 548 | Newton, Alabama, 36352 | 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 | 12-23-39 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| BECHTEL CORPORATION | 600 (+) | 1 800 740 2972 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 3000 Post Oak Blvd. P.O. Box 2166 | Houston, TX 77056-6503 Houston, TX 77252-21661 ( mailing) | Harris |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| BSF China Company Limited | +86 752 556 8080 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 6/F Anhui Building No. 3 Anhui Boulevard Daya Bay, Guangdong Providence China 516084 | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

| | RACE | | COLOR | | SEX | | RELIGION | X | AGE |
|---|---|---|---|---|---|---|---|---|---|
| | RETALIATION | | NATIONAL ORIGIN | X | DISABILITY | | OTHER (Specify) | | |

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST (ADEA/EPA) | LATEST (ALL) |
| July 2003 | January 2005 |
| | X    CONTINUING ACTION |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began employment with Bechtel Corporation on August 4, 1997 as a Project Control Supervisor. My employment was uneventful and I received good evaluations and pay raises. In early 2003 I was assigned in China to a joint venture project for Bechtel which was BSF China Limited. The "B" was for Bechtel, The "S" was for a Chinese company and the "F" was for Foster Wheeler, a United Kingdom company. On Monday August 18th 2003 meeting was held at the offices Bechtel and the joint venture with BSF. After that meeting I was advised that members of the company felt my arthritis was a factor in my job performance.

( Particulars continued on next page)

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| | _Betty B. Falkinburg_ |
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. | SIGNATURE OF COMPLAINANT |
| | _James H. N_ |
| _James H. N_ | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE |
| Date  1-26-05    Charging Party (Signature) | (Day, month, and year) 01-26-05 |

# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

2005 DEC 14  P 12: 59

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT AL

| | | |
|---|---|---|
| JAMES NEELY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO.: 1:05cv1191-m |
| VS. | ) | |
| | ) | |
| BECHTEL CORPORATION AND | ) | |
| BSF CHINA COMPANY LIMITED, | ) | |
| | ) | |
| DEFENDANTS. | ) | JURY TRIAL |
| | ) | |

---

## COMPLAINT

---

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C.

§§1331 and 1343(4) and 29 U.S.C. § 216(b) 626.  This is a suit authorized

and instituted pursuant to the "Age Discrimination in Employment Act" and the

"Americans with Disabilities Act of 1990", (hereinafter referred to as "ADA").

The jurisdiction of this court is invoked to secure protection for and to redress

the deprivation of rights secured by 42 U.S.C. § 621 *et seq.* and 42 U.S.C.

§12101 *et seq.*, providing injunctive and other relief against age and disability

discrimination in employment.

2.      Plaintiff, James Neely, is a qualified individual with a disability

and/or has been regarded or perceived as disabled under the ADA. Plaintiff

has fulfilled all conditions precedent to the institution of this action under the ADA and the "Age Discrimination in Employment Act". Plaintiff filed his Charge of Discrimination with the Equal Employment Opportunity Commission within 180 days of the last discriminatory act and has filed suit within 90 days of receipt of his Notice of Right to Sue.

## II. PARTIES

3.     Plaintiff, James Neely, is a male citizen of the United States and is a resident of Newton, Alabama.   Plaintiff had been employed by the Defendant Bechtel Corporation for approximately 7 years at the time of his termination on or about August 11, 2004.

4.     Defendant, Bechtel Corporation, is a foreign corporation doing business in Alabama. At all times relevant hereto, Defendant has maintained and operated a business in Alabama.  Defendant is engaged in an industry affecting interstate commerce, has had fifteen (15) or more employees at all times relevant hereto, and is an employer within the meaning of 42 U.S.C. §2000e (b), (g) and (h), and within the meaning of the ADA. Defendant is subject to the "Age Discrimination in Employment Act" in that it is engaged in an industry affecting commerce and has had 20 or more employees for each working day in each 20 or more calendar weeks in the current and preceding calendar years. Defendant, BSF China Company Limited is a foreign

corporation and is subject to the ADA and ADEA.

### III. STATEMENT OF PLAINTIFF'S CLAIMS

### FACTUAL ALLEGATIONS

5.    Plaintiff re-alleges and incorporates paragraphs one (1) through four (4) as if fully set forth herein.

6.    Plaintiff began working for the above named employer approximately 7 years ago as a Project Control Supervisor. In early 2003, Plaintiff was assigned to work in China on a joint venture project, BSF China Company Limited.

7.    On or about August 18, 2003, Plaintiff attended a meeting at the offices of Bechtel. The alleged reason for the meeting was to discuss the current and proposed staff for the project controls department for the joint venture project, however, at the meeting members of management made references to Plaintiff's health, mood and management abilities.

8.    In October and November 2003, Plaintiff was treated by physicians employed with the Defendants and physicians in Hong Kong regarding Plaintiff's arthritis and medical issues related to Plaintiff's knees. The Defendants were aware of Plaintiff's medical problems and frequent doctor visits. The Defendants had a record of Plaintiff's disability. Plaintiff was informed that he would have to have total knee replacements on both his right

and left knees.

9.     On or about December 1, 2003, Plaintiff received an e-mail from his functional manager, King Carter, requesting Plaintiff report to his office. When Plaintiff arrived for the meeting in Mr. Carter's office, he was presented with a thirty (30) day notice of termination from the joint venture project. Plaintiff was also informed that he would be leaving the project on or about December 31, 2003. The alleged reason for Plaintiff's termination from the joint venture project, was that he was not a team player and that he did not know how to use the Primavera software to the company's satisfaction. Plaintiff informed his manager that the reasons given were false and requested that the Defendants test Plaintiff on his Primavera software abilities. The Defendants declined Plaintiff's requests to be tested. Plaintiff was informed that his manager would look for a new position for him, however at that time there were none available.

10.     On or about December 12, 2003, Plaintiff spoke with Colin Miller, the new lead planner on the joint venture project, and Plaintiff asked why he was not being offered any of the new positions that were being filled by younger individuals. Plaintiff avers that there have been several younger individuals that are less qualified that Plaintiff placed in positions that Plaintiff was more qualified for.

11.     On or about January 20, 2004, Plaintiff had surgery and was released to return to work on or about August 1, 2004. On or about August 11, 2004, Plaintiff received a letter form the Defendants informing him that there were no positions available for Plaintiff and that he would be placed in a holding status, which is continued employment with certain benefits but no salary or pay. The Defendants have refused to return Plaintiff to employment and remove Plaintiff from holding status.

## COUNT ONE

### PLAINTIFF'S CLAIMS OF DISABILITY DISCRIMINATION

12.     Plaintiff realleges and incorporates paragraphs one (1) through eleven (11) as if fully set forth in detail herein below.

13.     Plaintiff avers that he was terminated from full time employment on or about August 11, 2004, in violation of the ADA because of his disability and/or perceived disability.

14.     Plaintiff avers that he was fully capable of performing all of the job functions of his previous position as well as other available positions, with or without reasonable accommodation, therefore was a qualified person within the meaning of the ADA.

15.     Plaintiff further avers that he was discriminated against because of his disability and/or perceived disability, in that the Defendants terminated

Plaintiff because of said disability or perceived disability, or because the Defendants perceived the plaintiff to be disabled.

16. Plaintiff further avers that he has no plain, adequate or complete remedy to redress the wrongs alleged herein and this suit for back pay, reinstatement, compensatory damages, punitive damages, injunctive relief, and declaratory judgement is his only means of securing adequate relief. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' unlawful policies and practices set forth herein unless enjoined by this Court.

17. Plaintiff has been discriminated against in demotion, termination and other terms and conditions of employment, in violation of the "Americans with Disabilities Act." Plaintiff has been discriminated against on the basis of his disability, and/or on the basis of Defendants' perception that Plaintiff had a disability and/or due to Plaintiff's having a record of a disability.

18. As a consequence of Defendants' discrimination against Plaintiff, Plaintiff has suffered lost wages, embarrassment, humiliation, stress, emotional distress, mental anguish and other damages.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff requests that the Court assume jurisdiction of this action and award him the following relief:

(a)     Grant Plaintiff a permanent injunction enjoining Defendants, its agents, successors, employees, attorneys and those acting in concert with Defendants or at Defendants' request from violating the "Americans with Disabilities Act of 1990."

(b)     Grant Plaintiff an order requiring Defendants to make him whole by granting appropriate declaratory relief, reinstatement, back pay, front pay, compensatory damages (including damages for mental anguish), punitive damages, interest, attorneys' fees, expenses and costs; and

(c)     Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO

### PLAINTIFF'S CLAIMS OF AGE DISCRIMINATION

19.     Plaintiff realleges and incorporates paragraphs one (1) through eighteen (18) as if fully set forth in detail herein below.

20.     Plaintiff avers that he was demoted and terminated because of his age, over 40, in that the Defendants retained and replaced him with a much younger person who was less qualified  and had less experience. Plaintiff further avers that younger less qualified individuals were hired and/or placed in positions that Plaintiff was more qualified for.

21.     Plaintiff avers that he was discriminated against because of his

age, over 40, in demotion, termination, pay and other terms and conditions of employment.

22.    Plaintiff avers that his demotion and termination were in violation of the "Age Discrimination In Employment Act" and were part of the Defendants' policy, pattern/and or practice of discriminating against employees over the age of 40, and otherwise discriminating against said persons protected by said act.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff demands the following damages and relief:

1.    Back pay, front pay, liquidated damages, interest, reinstatement, attorney fees and costs;

2.    Declaratory and injunctive relief; and

3.    Such other additional or different relief to which Plaintiff may be entitled to.

Respectfully submitted,

CYNTHIA FORMAN WILKINSON
State Bar ID No: ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**
**WILKINSON LAW FIRM, PC**
New South Federal Bank Building; Suite 811
215 Richard Arrington Jr. Blvd.
Birmingham, Alabama 35203
Tel.: (205) 250-7866
Fax: (205) 250-7869
E-mail: wilkinsonefile@bellsouth.net

LARRY R. MANN
Attorney for Plaintiff

**OF COUNSEL:**
Larry R. Mann, Esq.
701 New South Saving Building
215 North 21st Street
Birmingham, Alabama 35203
Tel: (205) 326-6500
Fax: (205) 324-8660
E-mail: LarryMann@aol.com

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

OF COUNSEL

**DEFENDANTS' ADDRESS:**
Bechtel Corporation
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

BSF China Company Limited
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, AL 36109

**PLAINTIFF'S ADDRESS:**
Mr. James Neely
c/o Wilkinson Law Firm
811 New South Savings Building
215 Richard Arrington Jr. Blvd, North
Birmingham, Alabama 35203

# EXHIBIT 5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES NEELY,

    Plaintiff,

VS.                                CIVIL ACTION NO: 1:05-CV-1191-M

BECHTEL CORPORATION and BSF
CHINA COMPANY LIMITED,

    Defendants.

## JOINT MOTION TO DISMISS DUE TO ARBITRATION

    COME NOW the plaintiff, James Neely, and defendant Bechtel Corporation ("Bechtel") and move this Honorable Court to dismiss this action due to an agreement to arbitrate. In support of this motion, the parties would show the court as follows:

    1. Plaintiff alleges that he was employed by the defendants, Bechtel and BSF China Company, Limited. He brings this action to challenge alleged employment actions under the Age Discrimination in Employment Act and the Americans with Disabilities Act.

    2. Plaintiff signed agreements with Bechtel on May 28, 1997 and August 4, 1997, consenting Bechtel's Employment Dispute Resolution ("EDR") Program. The EDR Program requires mandatory, final and binding arbitration of employment disputes. The agreements between the parties cover the claims alleged in the complaint in this action.

    WHEREFORE, premises considered, the parties jointly and respectfully move to dismiss this action without prejudice to submit plaintiff's claims to arbitration under the aforementioned EDR Program.

Respectfully submitted,


s/ Cynthia Forman Wilkinson
State Bar No.: ASB-9950-L68C


**Wilkinson Law Firm, P.C.**
New South Federal Building, Suite 811
215 Richard Arrington Jr. Blvd.
Birmingham, Alabama 35203
Telephone: (205) 250-7866


Larry R. Mann

**Larry R. Mann, Esq.**
701 New South Federal Building
215 North 21ˢᵗ Street
Birmingham, Alabama 35203
Telephone: (205) 326-6500


Attorneys for Plaintiff


s/ James C. Pennington
State Bar No.: ASB-N62J


**OGLETREE, DEAKINS, NASH,**
**SMOAK & STEWART, P.C.**
One Federal Place, Suite 1000
1819 5ᵗʰ Avenue North
Birmingham, Alabama 35203
Telephone: (205) 328-1900


Attorneys for Defendant


2

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES NEELY,     )
          )
  Plaintiff,     )
          )
v.          )  Case No. 1:05-cv-1191-MEF
          )
BECHTEL CORPORATION, *et. al.*, )
          )
  Defendants.    )

## ORDER

This cause is before the Court on the Joint Motion to Dismiss Due to Arbitration

(Doc. # 7). Upon consideration, it is hereby ORDERED that

1. The Joint Motion to Dismiss Due to Arbitration (Doc. # 7) is GRANTED.

2. This case is DISMISSED without prejudice.

3. The parties submit all controversies, claims, or disputes between them to

  arbitration in accordance with the terms of the agreements between them.

DONE this the 1st day of February, 2006.

         /s/ Mark E. Fuller
       CHIEF UNITED STATES DISTRICT JUDGE

# EXHIBIT 7

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | | CHARGE NUMBER |
|---|---|---|
| | FEPA | |
| X | EEOC | 920-2007-01867 |

_____ and EEOC

*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mr. James Howard Neely | 334-803-5569 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | SSN: | DATE OF BIRTH |
|---|---|---|---|
| 107 Village Lane | Dothan, Alabama, 36303 | 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 | 12-23-39 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| BECHTEL CORPORATION | 500 (+) | 1-800-749-2372 |

| STREET ADDRESS | CITY , STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 3000 Post Oak Blvd. P.O. Box 2166 | Houston, TX 77056-6503 Houston, TX 77252-21661 ( mailing) | Harris |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| BSF China Company Limited | +86 752 556 8080   FEB 1 6 2007 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 6/F Anhui Building No. 3 Anhui Boulevard Daya Bay, Guangdong Providence China 516084 | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[ ] RACE   [ ] COLOR   [ ] SEX   [ ] RELIGION   [X] AGE

[X] RETALIATION   [ ] NATIONAL ORIGIN   [X] DISABILITY   [ ] OTHER (Specify)

| DATE DISCRIMINATION TOOK PLACE | |
|---|---|
| EARLIEST (ADEA/EPA) | LATEST (ALL) |
| July 2003 | February 16, 2006 |

[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began employment with Bechtel Corporation on August 4, 1997 as a Project Control Supervisor. I was removed from a project in China and the company did not replace my job. I filed a Charge of Discrimination with the EEOC on 1-26-05. ( Charge No. 130-21005-01991. Since that time I have applied for over 35 jobs that I feel I was qualified for and was not given the job. I believe younger workers that are less qualified than me and have not filed charges of discrimination were been awarded many of the jobs I have applied for but was been awarded.

I believe I have been discriminated against in violation of the Age Discrimination in Employment Act, as amended because of my age, 67 (D.O.B. 12-23-39). I also believe I have been discriminated against because of a disability as well as a perceived disability in violation of the Americans with Disability Act.. I believe I have been further retaliated against for having complained of discriminatory employment practices of my employer, for the filing of and EEOC charge and for filing a lawsuit for the this conduct in violation of Title VII of the Civil Rights Act of 1964, as amended.

( Particulars continued on next page)

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fulling with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) Gail B. Pickard |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| I declare under penalty of perjury that the foregoing is true and correct. James H. Neely | SIGNATURE OF COMPLAINANT James H. Neely |
| Date 2-16-07   Charging Party (Signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) 2-16-07 |