## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES NEELY,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **VS.** | ) | **1:07-cv-00907-WKW-CSC** |
| | ) | |
| **BECHTEL CORPORATION,** | ) | |
| | ) | **JURY TRIAL** |
| **DEFENDANT.** | ) | |
| | ) | |

---

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS AND UNOPPOSED MOTION FOR AN EXTENSION OF TIME TO COMPLETE AND/OR SUPPLEMENT PLAINTIFF'S RESPONSE

---

COMES NOW the Plaintiff, by and through his counsel of record, and responds to Defendant's Motion to Compel Arbitration and to Stay Proceedings.

## I.    FACTUAL BACKGROUND

1.      In December 2003, Plaintiff was removed from his position as a Field Planning and Scheduling Supervisor at a petrochemical plant project in Daya Bay, China. On August 11, 2004, Plaintiff was placed in a "holding status." On December 14, 2004, the "holding status" expired and Plaintiff was terminated.

2.      Plaintiff filed a previous lawsuit against the Defendant regarding issues related to his employment and subsequent termination. The lawsuit was submitted to

arbitration and is currently still pending before the Arbitrator.

3.    All of Plaintiff's claims pending before this Court relate to claims that arose **after** Plaintiff was terminated. Plaintiff has reapplied for numerous positions after his termination which form the basis for Plaintiff's claims.

4.    Plaintiff contends that his claims of failure to rehire **do not** arise out of and **are not** related to his employment with the Defendant, and are separate and distinct claims that could not have been reasonably anticipated in 1997, when the arbitration agreement was signed by the Plaintiff.

5.    The Defendant contends that Plaintiff's post-employment claims involve significant aspects of Plaintiff's relationship with the Defendant, specifically, qualifications, performance, and Plaintiff's disability and/or record of disability. Plaintiff contends that his job performance and qualifications are not an issue because Plaintiff was in fact offered two positions after his termination.

(a)    Plaintiff was offered and declined an assignment to a pipeline project in Trinidad in November 2004.  Plaintiff refused this position because it was not a legitimate or comparable offer of employment. In addition, this offer was designed to create a hardship for the Plaintiff.

(b)    In February 2007, Plaintiff was offered a position with the Defendant and was asked as a condition of employment to sign an Employment Application agreeing to arbitrate all "disputes, claims or controversies."

Plaintiff informed the Defendant that he had a pending EEOC charge and that he would agree to arbitrate all <u>prospective</u> claims, those claims that arise from the date of his rehire forward. (Exhibit 1, February 22, 2007, E-mail from Plaintiff to Defendant). Further, Plaintiff modified his application in the section regarding arbitration, Employee Dispute Resolution Program, to read "I agree on all claims that arise from this date forward." (Plaintiff's Exhibit 2, Plaintiff's Application for Employment). Defendant refused to modify the terms of the arbitration agreement and Plaintiff was denied employment. (Plaintiff's Exhibit, 3, February 27, 2007, E-mail from Swati Sheth to Plaintiff). Plaintiff again asked the Defendant to agree that Plaintiff only be required to arbitrate <u>prospective</u> claims and not <u>retrospective</u> claims. (Plaintiff's Exhibit 4, March 2, 2007, Email from Plaintiff to Swati Sheth). The Defendant refused to hire the Plaintiff unless he agreed to give up his rights to have his claims heard in a judicial forum and arbitrate his claims that were pending at the EEOC and are now the basis of this pending lawsuit. (Plaintiff's Exhibit 5, March 29, 2007, E-mail from Swati Sheth to Plaintiff). Plaintiff never refused to agree to sign the Defendant's arbitration agreement. Plaintiff only requested that the Defendant modify the terms to reflect that Plaintiff agreed to arbitrate claims that

arose from the Plaintiff's new hire date forward. (Plaintiff's Exhibit 6, April 2, 2007, E-mail from Plaintiff to Swati Sheth).

6.      If, as the Defendant contended, they made a good faith offer of employment to Plaintiff, and the pending claims were already subject to the 1997 arbitration agreement executed by the Plaintiff, there was no need to deny Plaintiff employment unless he signed a document that would have been at best redundant. These actions are now evidence of the Defendant's retaliatory intent, in that, they reveal the lack of a good faith offer of employment.

7.      When the Defendant offered the Plaintiff employment in March 2007, a condition of employment was that the Plaintiff execute a new arbitration agreement agreeing to arbitrate all disputes claims and controversies. It was the Plaintiff's belief that this arbitration would have covered both prospective and retrospective disputes related to his employment with the Defendant. The Plaintiff agreed to sign the arbitration agreement and arbitrate prospective claims from the date of the agreement forward. However, Plaintiff was only unwilling to agree to arbitrate claims retrospectively. This exact issue is now pending before the United States Court of Appeals for the Eleventh Circuit in *Goldsmith v. Bagby Elevator Company, Inc.*, Appeal 06-14440-F. Oral argument was held on November 1, 2007.

8.      If the Defendant believed that the Plaintiff's claims pending before this Court are already subject to arbitration there would be no need to make retrospective

arbitration a term of condition of employment by requiring that the Plaintiff execute a new arbitration agreement. In addition, the Defendant never claimed in the February/March 2007 employment negotiations for employment that the pending EEOC claims were already subject to the 1997 arbitration agreement executed by the Plaintiff.

9.    In addition, Plaintiff contends that his prior performance is not an issue regarding his failure to hire claims. When the Defendant offered Plaintiff a position in February 2007, Defendant stated in an e-mail correspondence to Plaintiff on March 21, 2007, "We could really use your expertise on the Motiva site." Defendant's contention that Plaintiff's seven years of experience will be at issue in this case is without merit. The Defendant offered the Plaintiff <u>two</u> positions and is now without a basis to now claim that the Plaintiff is somehow now unqualified for the positions for which Plaintiff has applied because of his prior employment with the Defendant. Clearly, based on the Defendant's conduct by offering two separate jobs to the Plaintiff the Defendant has removed any genuine issue as to the Plaintiff's past job performance or qualifications.

10.    Defendant further contends that a part if its defense to Plaintiff's claims "may involve an examination of why Neely was not rehired into the positions for which he applied based to some extent on his prior employment with Bechtel." Plaintiff has requested numerous documents from the Defendant in the pending

arbitration. Defendant currently is under an Order from the Arbitrator to produce responsive documents no later that January 15, 2008. Plaintiff expects and contends that the requested documents will be valuable to the Plaintiff and will greatly assist the Plaintiff in his response and evaluation of Defendant's Motion to Compel Arbitration. In addition, these requested documents and discovery responses may prove beneficial to the Court with regards to the specific issues addressed in Defendant's Motion to Compel Arbitration.

11.    While Plaintiff has presented claims of failure to hire based on age and disability discrimination, these claims are not alone. Plaintiff contends that the Defendant failed to hire him because of his prior protected activity, which arose after Plaintiff's employment with the Defendant ended. Again, based on the Defendant's conduct it has removed any genuine issue as to the Plaintiff's past job performance or qualifications.

## II.    STANDARD OF REVIEW

12.    A party moving to compel arbitration bears the initial burden of establishing by substantial evidence the existence of an agreement to arbitrate in a contract or transaction substantially affecting interstate commerce. *See Conseco Fin. Corp. v. Sharman*, 2001 Ala. LEXIS 437 (Ala. 2001); *American Gen. Fin., Inc. v. Morton*, 812 So. 2d 282 (Ala. 2001).

13.    If the movant successfully carries this initial burden, then the burden

shifts to the opposing party to submit substantial evidence creating a genuine issue of material fact on either or both of those elements of arbitrability -- the agreement and the substantial effect on interstate commerce. *See id*.

## III.    DEFENDANT'S MOTION TO COMPEL ARBITRATION IS DUE TO BE DENIED

14.    The Defendant cannot carry its initial burden of proof of demonstrating that an agreement to arbitrate exists for the period after Plaintiff's termination.

15.    Despite the fact that the Defendant did not reemploy the plaintiff to work for it, the Defendant asserts that the arbitration agreement signed by the Plaintiff on May 28, 1997, necessitates arbitration of the Plaintiff's failure to rehire claims.

16.    The 1997 arbitration agreement, to the extent that it might have been enforceable, terminated  and/or became ineffective when the plaintiff's employment ended.

17.    As such, because there is not a specific or binding arbitration agreement applicable to the Plaintiff's claims of failure to rehire, the Defendant cannot carry its burden of proof with respect to compelling arbitration. As such, the defendant cannot compel arbitration in the absence of an applicable arbitration agreement.[1] *Ex parte*

---

[1]    Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit.  *AT&T Techns., Inc. v. Communications Workers of America*, 475 U.S. 643, 648, 89 L. Ed. 2d 648, 106 S. Ct. 1415 (1986).  In deciding whether parties agree to arbitrate a certain matter (including arbitrability) courts generally "should apply ordinary state-law principles that govern the formation of contracts." *Oakwood Mobile Homes, Inc. v. Barger*, 773 So. 2d 454, 459 (Ala. 2000) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944, 131 L. Ed. 2d 985, 115 S. Ct. 1920 (1995)).

*Cain,* 2002 Ala. LEXIS180 (Ala. 2002); *Oakwood Mobile Homes, Inc. v. Godsey,* 2001 Ala. LEXIS 472 ( Ala. 2001). There was no "meeting of the minds" in that Plaintiff could not have reasonablely believed based on the language in the arbitration agreement that said agreement would extend beyond his employment.

WHEREFORE, in light of the aforesaid, Plaintiff requests that this Court deny Defendant's Motion to Compel Arbitration and to Stay Proceedings, or in the alternative, withhold ruling on Defendant's Motion to Compel Arbitration and allow Plaintiff until January 31, 2008, to supplement his response based upon the information required to be produced to the Plaintiff by the Defendant in the pending arbitration on or before January 15, 2008. Defendant does not oppose this extension of time for Plaintiff to supplement his response.

Respectfully Submitted,

s/Cynthia Forman Wilkinson
CYNTHIA FORMAN WILKINSON
State Bar I.D. No.ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**
**WILKINSON LAW FIRM, PC**
New South Federal Bank Building; Suite 811
215 Richard Arrington Jr. Blvd.
Birmingham, Alabama 35203
Tel.:  (205) 250-7866
Fax:  (205) 250-7869
E-mail: wilkinsonefile@bellsouth.net

s/Larry R. Mann
LARRY R. MANN
Attorney for Plaintiff

**OF COUNSEL:**

Larry R. Mann, Esq.
701 New South Saving Building
215 North 21st Street
Birmingham, Alabama 35203
Tel: (205) 326-6500
Fax: (205) 324-8660
E-mail: LarryMann@aol.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Thomas A. Davis, Esq.
David T. Wiley, Esq.
Jackson | Lewis LLP
2001 Park Place North
Suite 650
Birmingham, Alabama 35203

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

None

`

s/Cynthia Forman Wilkinson
**WILKINSON LAW FIRM, PC**

Subj:     **Employment**
Date:     2/22/2007 2:28:52 P.M. Central Standard Time
From:     jneely39@yahoo.com
To:       tafrey@bechtel.com, jkmote@bechtel.com, mcason@bechtel.com, ssheth@bechtel.com
CC:       LarryMann@aol.com

I greatly appreciate the opportunity to again become a Bechtel employee. Now as in the past I have skills I believe will be of value to the project for which I am being hired. I look forward to a very successful working relationship.

I do want to address issue head on. I have filed a charge of discrimination against Bechtel and that charge is being arbitrated and could go on for some time. In addition, I have applied for numerous jobs with Bechtel since my departure from Bechtel that I felt I was qualified for but was not hired. I have filed a charge of discrimination for those failure to hires. I do not agree to arbitrate those claims and made that known on the application as I stated " I agree ( as to arbitration) on claims that arise from this date forward)" . I direct your attention to this modification near the signature line. I need assurance this will not become and issue.

I have a job now and would rely on your representations before resigning my current position. I greatly appreciate your attention to this matter and look forward to a very mutually satisfying working relationship. I anxiously await your response.

Regards

Jim Neely


*James H. Neely*
jneely39@yahoo.com

---

No need to miss a message. Get email on-the-go
with Yahoo! Mail for Mobile. Get started.

# *Employment Application*
## *An Equal Opportunity Employer*

Print or Type

| Last Name     Neely | First Name     James | | | Middle Name     Howard |
|---|---|---|---|---|
| Present Address - Street<br>107 Village Lane | City<br>Dothan | State<br>Alabama | Zip Code<br>36303 | Home Phone<br>( 334 )  803-5569 |
| Permanent Address - Street<br>Same as Above | City | State | Zip Code | Business Phone<br>(       ) |

| Have you ever been employed by Bechtel or a Bechtel affiliated company?     Yes<br>x Yes    No         Where    Houston       When    1997<br>? | Have you ever filed a resume or employment application with Bechtel?<br>     Yes<br>x Yes   No      Where    Houston         When    1997<br>?              ? | Please list<br>to verify ed<br><br>Referred b |
|---|---|---|
| Would you be willing to relocate      Yes      No | In what city would you prefer to work?  Open | |

| **For International Employment Applicants**<br>This information is necessary due to job requirements. | Will you accept              Foreign          x              Foreign            **Assignme**<br>                           Employment                    Employment              **upon pas**<br>Yes                        Single Status?               Family Status?** |
|---|---|

| Foreign Languages<br>(Indicate - Good, Fair) | Speak | Read | Write | Summary of International Experience or Travel Where Foreign |
|---|---|---|---|---|
| Spanish  -  Fair | X | | | |
| | | | | |
| | | | | |

| Education | Number of Years Attended | Diploma/Degree and Date | Education | Name of Scho |
|---|---|---|---|---|
| High School | 6 | | General Education | Oneonta High |
| Other Education | 2 | Certificate | Aviation Technology | Meramec College |
| Other Education | 1 | Certificate | Communication | Brevard College |
| Other Education | 2 | Certificate | Business Management | Allen Hancock College |

Courses taken related to desired work

Current professional licenses and registrations.  Give state, branch, certificate number and expiration date.

Membership/activities in technical associations, significant presentations/publications, professional societies, college and other honors.

| Are you now employed?<br><br>x   Yes              No | If so, may we refer to your employer?   **No**<br><br>        Yes            x   No | When can you report to work<br>30 Days after Offer is extended & accepted | If applicable, list all co<br>are proficient.<br><br>Primavera, Microsoft |
|---|---|---|---|
| Salary received last year<br>$ 35,000.00 | Other compensation:  $<br>Describe | Salary expected<br>$95,000.00 | |
| Work Desired:  First choice     Field Planner | | Second choice | Estimated typing    45<br>speed/WPM: |

HR3000 (Rev. 12/95)                                                                **Turn to Inside**        EMPAPP.DOC

| Instructions | Chronologically list employment and **unemployment** for the past ten years, beginning with your most recent employment.  For each acti<br>specific duties, responsibilities and number of persons supervised.  If necessary, use additional sheets to fully cover these activities.  Atta<br>**only to supplement** information.  For military service, identify only those skills relevant to the position desired. |
|---|---|

| From<br>Month/Year    September 2006 | | To<br>Month/Year     Present | | Total<br>Months      6 | Duties -  Provide Inspector support for Client projects | |
|---|---|---|---|---|---|---|
| Full Employer<br>Name        Peters Municipal Associates, Inc. | | | | | | |
| Main Office<br>Address        300 North Foster Street | | City<br>             Dothan | | | | |
| State   Alabama | | Zip  36302 | Name and Title<br>of Supervisor     Charles Peters | | | |
| Type of<br>Business          Consulting Engineers | | | Supervisor<br>Phone Number<br>( 334 )  793-5378 | | | |
| Starting<br>Position        Construction Inspector | | | Monthly<br>Base<br>Salary        $2,625.00 | | | |
| Last Position<br>Same        Construction Inspector | | | Monthly<br>Base<br>Salary        Same | | Location<br>of Work       Dothan, Alabama | Reason<br>for Leavi |

| From<br>Month/Year    August 1997 | | To<br>Month/Year    January 2004 | | Total<br>Months      77 | Duties      **See attached sheets** | |
|---|---|---|---|---|---|---|
| Full Employer<br>Name        Bechtel Company | | | | | | |
| Main Office<br>Address | | City<br>             Houston | | | | |
| State   Texas | | Zip | Name and Title<br>of Supervisor       See Resume | | | |
| Type of<br>Business          Engineering & Construction | | | Supervisor<br>Phone Number<br>(    ) | | | |
| Starting<br>Position        Sr. Project Controls Engineer | | | Monthly<br>Base<br>Salary    $6,000.00  Estimated | | | |
| Last Position     Field Project Controls Supervisor | | | Monthly<br>Base<br>Salary   $8,200.00    Estimated | | Location   Mexico, China, Mississippi,<br>of Work    China | Reason<br>for Leavi |

| From Month/Year | August 1996 July 1990 | To Month/Year | August 1997 February 1996 | Total Months | 79 | Duties | **See attached sheets** | |
|---|---|---|---|---|---|---|---|---|
| Full Employer Name | Stone & Webster | | | | | | | |
| Main Office Address | | City | Houston | | | | | |
| State  Texas | | Zip | Name and Title of Supervisor | | | | | |
| Type of Business | Engineering & Construction | | Supervisor Phone Number (   ) | | | | | |
| Starting Position | Sr. Cost & Scheduling Engineer | | Monthly Base Salary | | | | | |
| Last Position | Principal Cost & Scheduling Engineer | | Monthly Base Salary  $5,500.00    Estimated | | | Location of Work | Malaysia, South Korea, Bahrain, Saudi Arabia, Texas | Reason for Leavi |

| From Month/Year | February 1996 | To Month/Year | August 1996 | Total Months | 7 | Duties | **See attached sheets** | |
|---|---|---|---|---|---|---|---|---|
| Full Employer Name | Brown & Root Company | | | | | | | |
| Main Office Address | | City | Houston | | | | | |
| State  Texas | | Zip | Name and Title of Supervisor | | | | | |
| Type of Business | Engineering & Construction | | Supervisor Phone Number (   ) | | | | | |
| Starting Position | Field Project Controls Manager | | Monthly Base Salary | | | | | |
| Last Position Field Project Controls Manager | | | Monthly Base Salary | | | Location of Work | Holland | Reason for Leavi |

| From Month/Year | June 1989 | To Month/Year | July 1990 | Total Months | 13 | Duties | **See attached sheets** | |
|---|---|---|---|---|---|---|---|---|
| Full Employer Name | Rust International | | | | | | | |
| Main Office Address | | City | Birmingham | | | | | |
| State  Alabama | | Zip | Name and Title of Supervisor | | | | | |
| Type of Business | Engineering & Construction | | Supervisor Phone Number (   ) | | | | | |
| Starting Position | Project Controls Engineer | | Monthly Base Salary | | | | | |
| Last Position | Project Controls Engineer | | Monthly Base Salary | | | Location of Work | Alabama | Reason for Leavi |

Any other previous experience, please attach your resume.

**Business or Professional Reference:**

| Name | Years Known | Occupation | Complete Addres |
|------|-------------|------------|-----------------|
|      |             |            |                 |
|      |             |            |                 |
|      |             |            |                 |

### Authorization to Work in the United States
I am authorized to work in the United States and I understand that under the Immigration Reform and Control Act of 1986, upon hire, I will be required to provide documents verifying my identity and eligibility to work in the United States.

### Felony or Misdemeanor Conviction:
Have you ever been convicted of a felony?   Yes    No         Have you been convicted of a misdemeanor within the past 5 years?*  (Exclude marijuana-related convictions dated more than two years ago.)        Yes     No     * Do not answer this question if you are completing this application in Pennsylvania or are applying for a job that is in Pennsylvania.  If the answer to either question is "Yes," give details on a separate sheet.  A conviction will not necessarily disqualify you from employment.  The nature of
the violation and all other appropriate circumstances will be considered.

### Pre-employment Drug Screening:
Bechtel requires all applicants for non-manual employment to submit to a pre-employment drug screen by urinalysis at Bechtel's expense.  Refusal to participate in screening will render an applicant ineligible for employment.  If an offer is extended, employment with Bechtel is contingent upon a negative drug screen.  A positive result will make the applicant ineligible to reapply for 6 months from the test date.

### Verification of Information:
Authorization is granted to former employers and individuals listed to release information on my ability, performance and verification of matters stated.  Bechtel reserves the right to verify any and all information on employment applications and any other work-related documents during both the application process and employment.  Any falsification, misrepresentation or omission of relevant information will be grounds for cancellation of this application or termination of employment.

### Employment Inventions and Secrecy Agreement:
The work assigned, that is being done or will be done by Bechtel, may be of confidential or developmental nature or both.  In the event I am hired, I will observe Bechtel's requirements with respect to inventions, trade secrets and Bechtel or client information that is proprietary, confidential or private.

### Employment at Will:
Bechtel adheres to the doctrine of employment at will.  Employment can be terminated, with or without cause and with or without notice, at any time, at the option of either the company or myself.  While other terms of employment and policies and procedures may exist and be changed from time to time, an employee's at-will status is not subject to change absent a written agreement expressly so providing, signed by an senior officer of the company.

### Employee  Dispute Resolution Program:
If I accept employment with Bechtel, the Bechtel Employment Dispute Resolution ("EDR") Program shall be the exclusive means of resolving all disputes, claims or controversies ("claims") between me and the Company (or its officers, directors, employees or agents), which arise out of or related to my employment (or its termination).  Under the EDR Program, the Company and I agree to waive our respective rights to have any claims regarding legally protected rights (as defined in the EDR Program booklet) decided in a court of law before a judge or jury, and instead are accepting the use of final and binding arbitration to resolve such claims.   *I agree on claims that arise from this date forward.*

I have read, understand and agree to all of the above-stated conditions of employment.


**Date**   February ,    2007                              **Applicant's Signature**

From: "Sheth, Swati" <sdsheth@bechtel.com>
To: jneely39@yahoo.com
CC: "Cummins, James" <jcummins@bechtel.com>
Subject: Offer of employment
Date: Tue, 27 Feb 2007 08:07:49 -0600

Mr. Neely,

We are pleased to learn that you are considering accepting our offer of employment.  I must inform you, however, that our application materials and employment terms (including employee dispute resolution program terms) are not subject to negotiation or amendment.  If you wish to accept the position that has been offered to you, you must fill out another application (attached) and agree to all of the terms set forth therein.  Please let me know by March 2 whether you intend to do so.

Please feel free to contact me if I can be of any further assistance.  We do hope you will be a member of our team again soon.


Best regards
Swati Sheth

Bechtel OG&C Human Resources
(713) 235-2483 - Telephone
(713) 235-2406 - General Fax
sdsheth@bechtel.com



*James H. Neely*
jneely39@yahoo.com

---

It's here! Your new message!
Get new email alerts with the free Yahoo! Toolbar.




Tuesday, February 27, 2007 America Online: LarryMann

Subj:     **Employment**
Date:     3/2/2007 8:10:37 A.M. Central Standard Time
From:     jneely39@yahoo.com
To:       sdsheth@bechtel.com

Ms. Sheth Swati

While I greatly appreciate the opportunity to again become a Bechtel employee, I now do not believe this offer to be sincere offer. If this was a legitimate offer, Bechtel would  simply allowed me to agree to arbitrate anything that occurred from my hire date forward.  Clearly, Bechtel is unwilling to demonstrate any good faith by allowing me this change. For these reasons, I must question the sincerity of the job offer.

At this point, it appears this job offer may very well be nothing more than an additional attempt to
further discriminate and retaliate against me.  Bechtel  requires I give up a legal right that I had for acts that occurred while I was not a Bechtel employee and is making that a term and condition of employment. I cannot agree to this. Unless Bechtel is  willing to allow me to agree to arbitrate claims from my hire date forward, I find it necessary to decline your offer of employment.

*James H. Neely*
jneely39@yahoo.com

_____

The fish are biting.
Get more visitors on your site using Yahoo! Search Marketing.

*"Sheth, Swati" <sdsheth@bechtel.com>* wrote:

> From: "Sheth, Swati" <sdsheth@bechtel.com>
> To: jneely39@yahoo.com
> CC: "Cummins, James" <jcummins@bechtel.com>
> Subject: Follow up: Offer of employment
> Date: Thu, 29 Mar 2007 15:55:05 -0500
>
> Mr. Neely,
>
> We are saddened that you have declined our offer of employment. Are we
> correct to assume you would refuse any job that required you to agree to the
> terms of the employment application (including employee dispute resolution
> program terms)?  Please let me know otherwise by April 4, 2007.
>
>
> Best regards
> Swati Sheth
>
> Bechtel OG&C Human Resources
> (713) 235-2483 - Telephone
> (713) 235-2406 - General Fax
> sdsheth@bechtel.com


James H. Neely
jneely39@yahoo.com

---

Never miss an email again!
Yahoo! Toolbar alerts you the instant new Mail arrives. Check it out.

12/18/2007

| | |
|---|---|
| Subj: | **Re: Follow up: Offer of employment** |
| Date: | 4/2/2007 3:44:02 P.M. Central Daylight Time |
| From: | jneely39@yahoo.com |
| To: | sdsheth@bechtel.com |

Ms. Sheth

No, you are **not** correct to assume that I would refuse any job that requires me to agree to the terms of the employment application *(including employee dispute resolution program terms)*.

I have never refused to sign the *employee dispute resolution program terms.* All I have ever ask of Bechtel is, that the terms be modified to reflect that <u>I agree (as to arbitration) on claims that arise from my new hire date forward.</u>

Regards

**"Sheth, Swati" <sdsheth@bechtel.com>** wrote:

> Mr. Neely,
>
> We are saddened that you have declined our offer of employment. Are we
> correct to assume you would refuse any job that required you to agree to the
> terms of the employment application (including employee dispute resolution
> program terms)?  Please let me know otherwise by April 4, 2007.
>
>
> Best regards
> Swati Sheth
>
> Bechtel OG&C Human Resources
> (713) 235-2483 - Telephone
> (713) 235-2406 - General Fax
> sdsheth@bechtel.com

*James H. Neely*
jneely39@yahoo.com

---

<u>Bored stiff?</u> Loosen up...
<u>Download and play hundreds of games for free</u> on Yahoo! Games.