IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES NEELY, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Civil Action No. ) 1:07-CV-907-WKW |
| BECHTEL CORPORATION, | ) ) |
| Defendant. | ) ) ) |

**DEFENDANT BECHTEL CORPORATION'S REPLY IN SUPPORT OF ITS MOTION TO COMPEL ARBITRATION AND TO STAY PROCEEDINGS AND INCORPORATED MEMORANDUM OF LAW**

Defendant Bechtel Corporation ("Bechtel") submits this Reply in support of its Motion to Compel the arbitration of Plaintiff James Neely's (Neely) claims ("Motion to Compel Arbitration") and to stay these proceedings pending the outcome of such arbitration.

**I.   BACKGROUND**

In its Motion to Compel Arbitration, Bechtel argued that Neely's post employment failure to rehire, disability and retaliation claims were subject to the arbitration agreement he signed while employed by Bechtel. Bechtel asserted that though the claims arose after he was terminated, the claims involved significant aspects of the employment relationship such as Neely's qualifications, job performance and alleged disability and/or record of disability while employed.

Such post employment claims are arbitable.  *See, for example, Hobley v. Kentucky Fried Chicken, Inc.*, 2005 U.S. App. LEXIS 19633 *2 (D.C. Cir. 2005) (post-employment false accusation claim subject to arbitration because resolution of such claim would entail consideration of numerous facts concerning employee's employment relationship and job performance).

Neely opposed Bechtel's Motion to Compel Arbitration by arguing: (1) the arbitration agreement terminated and/or became ineffective when Neely's employment ended (Neely's Opposition, p. 7);  (2) Neely's claims arose after he was terminated and could not have been anticipated when he signed the arbitration agreement (Neely's Opposition, p. 2); (3) Neely's job performance with Bechtel is irrelevant to his rehire claims, and he is no longer required to establish that he was minimally qualified for, or more qualified than the successful applicants, for the 35 different positions he sought because he was offered two positions on different projects (Neely's Opposition, p. 5);[1] (4) Bechtel's requirement that Neely sign an arbitration agreement as a condition of rehire somehow obviates arbitration of these claims; and (5) because Neely allegedly engaged in protected activity after

---

[1] Neely alleges incorrectly that Bechtel offered him both positions after he was terminated. Neely admits he was terminated on December 14, 2004 (Neely's Opposition, p. 1) and that he was offered and declined an assignment to a pipeline project in Trinidad in *November* 2004 – the month before he was terminated.  (Neely's Opposition, p. 2).  Thus, Neely's reliance on this job offer as evidence of his qualifications *compels* arbitration because this offer was made *during* his employment with Bechtel.  Neely has conceded that claims that arose during his employment are arbitable.  Moreover, Neely's refusal to accept two positions may limit his subsequent claims on the merits and damages.

2

his employment was terminated, his retaliation claims are unrelated to his employment with Bechtel. As explained below, these arguments are without merit. Moreover, Neely has *not* opposed Bechtel's argument that his ADA claim cannot be resolved without an examination of his employment relationship with Bechtel, the medical records and information he provided to Bechtel, and the Company's alleged perception of Neely's medical condition. Neely has thus conceded this claim is arbitable.

## II.   ANALYSIS

### 1.   Neely's Claims are Arbitable

Neely's assertion that the arbitration agreement terminated and/or became ineffective when Neely's employment ended is incorrect. In its Motion to Compel Arbitration, Bechtel cited case law for the proposition that post employment claims are subject to arbitration if the claims involve significant aspects of the employment relationship. Neely has not cited any case law refuting this widely accepted proposition.

Moreover, Neely's assertion that he could not have anticipated these claims when he signed the arbitration agreement is also incorrect. The arbitration agreement provides that "the EDR program shall be the exclusive means of resolving all disputes, claims or controversies . . . between me and the Company . . . which arise out of or relate to my employment (or its termination)." (Motion to

Compel Arbitration, p. 3). Because Neely's claims involve his employment and termination as explained in Bechtel's Motion to Compel Arbitration, Neely was on notice that these claims were arbitable.

    2.    <u>Neely's Job Performance While Employed at Bechtel is Essential to his Failure to Rehire and Retaliation Claims</u>

Prior to his termination from Bechtel, Neely was employed in a highly technical position as a Field Planning and Scheduling Supervisor at a petrochemical plant project in Daya Bay, China. (Neely's Opposition, p. 1). He was demoted from this position in December 2003 for performance reasons. In November 2004, Neely was offered, and declined, an assignment to a pipeline project in Trinidad. (Neely's Opposition, p. 2). He was ultimately terminated in December 2004.

He alleges he was then denied over 35 jobs "that I feel I was qualified for . . .." (Motion to Compel Arbitration, Exhibit 7). He alleges further he was qualified "for each and every position that he applied for . . .." (Complaint, ¶ 10). He also alleges "I believe younger workers that are less qualified than me and have not filed charges of discrimination were awarded many of the jobs I have applied for . . .." (Motion to Compel Arbitration, Exhibit 7). Accordingly, Neely has made his minimum and relative qualifications an issue for each and every position to which he applied. His job performance as a Field Planning and Scheduling Supervisor in China as well as the reasons for his demotion and other performance

4

while employed at Bechtel, therefore, may indeed have a bearing on both Neely's ability to prove a *prima facie* case and Bechtel's ability to articulate a legitimate nondiscriminatory reason for not hiring Neely into *each and every position*.

Whether Neely was offered two positions has no bearing on his minimum and relative qualifications for any of the other unrelated and different 35 jobs he alleges he was denied. As stated above, the positions sought are highly technical positions and no two positions are identical. Thus, being qualified for one position does not make an applicant qualified for an entirely different position. Moreover, Neely has not cited any case law for such a proposition. The job offers show only that Bechtel considered Neely qualified for those two positions.

Furthermore, the November 2004 position rejected by Neely was offered to him during his employment with Bechtel. Accordingly, his minimum and relative qualifications at that time necessarily involve an analysis of his employment relationship with Bechtel. Indeed, his attempt to rely on this offer to prove his qualifications for the remaining jobs compels arbitration of these claims because Neely is relying on conduct and qualifications that occurred during his employment with Bechtel. As stated above, Neely has already conceded that claims that arose during his employment are arbitable.

Moreover, Bechtel believes that Neely's rejection of this job offer may limit any subsequent claims and damages. Thus, an analysis of this position,

5

and why Neely rejected it, could have a direct bearing on his subsequent claims and damages.

Like Neely's failure to rehire claim, his retaliation claim may turn on his minimum and relative qualifications, as well as the Company's articulated legitimate nondiscriminatory reasons for the employment actions because the allegedly adverse action is the failure to rehire Neely. As explained in detail above, this involves the prior employment relationship with Bechtel and is subject to arbitration. The timing of Neely's allegedly protected activity does not impact the significance of the employment relationship.

> 3. <u>Bechtel's Requirement that Neely Sign a Standard Arbitration Agreement as a Condition of Rehire has no Bearing on the Arbitability of These Claims</u>

Bechtel requires all employees to sign a standardized Employee Dispute Resolution ("EDR") Program agreement as a requirement of hire. In February 2007, Bechtel offered Neely a position and asked him to sign the standard EDR Agreement. The EDR documentation did not differentiate between prospective and retrospective claims and did not in any way refer to Neely's then pending EEOC Charge, his prior lawsuit or his 1997 EDR Agreement. Nonetheless, Neely attempted to modify the EDR documentation to carve out his pending claims from the EDR Agreement.

Bechtel informed Neely that the application and terms set forth therein were not subject to negotiation or amendment. Again, no reference was made by Bechtel to Neely's prior claims, the EDR Agreement or the scope of either the 1997 or current EDR Agreement (i.e. whether one or both would cover his prior or pending claims). Neely was simply informed, like all employees, that he had to agree to the terms in the application if he wished to accept the position that had been offered to him. Neely ultimately refused to accept the position. Accordingly, the Company's insistence that he sign a standard EDR Agreement as a condition of employment was in no way retaliatory and is entirely unrelated to whether these claims are covered by the 1997 EDR Agreement.

## III. CONCLUSION

In sum, Neely has not opposed Bechtel's argument that his disability claim is arbitable. This claim is, therefore, subject to arbitration. Neely's remaining claims necessarily involve the employment relationship with Bechtel and are, therefore, also subject to arbitration. Finally, the Parties are already engaged in an arbitration regarding whether Bechtel demoted and discharged Neely based on his alleged disability and age. During this process, the parties will take discovery on and ultimately determine, among other things, Neely's qualifications and job performance as well as his whether he is disabled and/or Bechtel perceived him as being disabled under the ADA. These same issues are

also at the heart of the instant case.  Simultaneously litigating these identical issues would not only be a waste of judicial resources, it could lead to inconsistent results.  Accordingly, for these reasons, Neely's claims are subject to arbitration.

Respectfully submitted this 9th day of January, 2008.

*/s/ Thomas A. Davis*
Thomas A. Davis (ASB-5877-S56T)
E-Mail:  davist@jacksonlewis.com
**JACKSON LEWIS LLP**
First Commercial Bank Building
800 Shades Creek Parkway, Suite 870
Birmingham, Alabama  35209
Telephone: (205) 332-3101
Facsimile: (205) 332-3131

**COUNSEL FOR RESPONDENT**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 9, 2008, I electronically filed a foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Cynthia Foreman Wilkinson, Esq.
WILKINSON LAW FIRM PC
811 New South Federal Savings Bank Building
215 Richard Arrington Jr. Blvd. North
Birmingham, AL  35203
wilkinsonefile@bellsouth.net

Larry R. Mann, Esq.
701 New South Federal Savings Bank Building
215 Richard Arrington Jr. Blvd. North
Birmingham, AL  35203
larrymann@aol.com

    /s/  *Thomas A. Davis*
Counsel of Record